No. 42,128

NORTHERN NATURAL GAS COMPANY, *Appellant*, v. STATE
CORPORATION COMMISSION, *Appellee*.

(364 P. 2d 668)

Opinion filed
August 31, 1961.   (For original opinion of affirmance see *ante* p. 355, 362
P. 2d 599.)

The opinion of the court was delivered by

JACKSON, J.: In its motion for rehearing Northern disclaims the
position of contending that our gas statute G. S. 1959 Supp. 55-703
does not require ratable production of gas from a common source.
It says the question is whether the statute also requires ratable
purchases of gas.  It then warns the court not to invade the juris-
diction of the Federal Power Commission by dealing with pur-
chasers, citing *Phillips Petroleum Co. v. Wisconsin*, 347 U. S. 672,
74 S. Ct. 794, 98 L. Ed. 1035; *Natural Gas Co. v. Panoma Corp.*,
349 U. S. 44, 99 L. Ed. 866, 75 S. Ct. 576; *Deep South Oil Co. of
Texas v. Federal Power Com'n.*, 247 F. 2d 882; *Saturn Oil & Gas
Company v. Federal Power Com'n.*, 250 F. 2d 61, cert. denied 355
U. S. 956, 2 L. Ed. 2d 532, 78 S. Ct. 542; *Cities Service Gas Co. v.
State Corporation Commission*, 180 Kan. 454, 304 P. 2d 528, reversed
355 U. S. 391, 2 L. Ed. 2d 355, 78 S. Ct. 381; and *Cities Service Gas
Co. v. State Corporation Commission*, 184 Kan. 540, 337 P. 2d 640.

We had read those cases before the opinion in this case was
announced, and we believe those cases all dealt with the question
of the power to regulate the price of gas.  As we tried to point out
in the opinion as filed, this case in no way involves the price of
gas.  Northern studiously avoids that fact.  Moreover, the ratable
taking order does not regulate the total amount of gas which North-
ern may take.  We fail to see how the order affects interstate com-
merce in any way.

Northern magnanimously states that the state may control the
ratable production of natural gas, but fails to inform us how this
can be done unless the producer can find a "taker" for his gas.

It is not important in this case that the purchaser has a contract
to purchase the gas at a price, which we will assume is subject to
the regulation and jurisdiction of the Federal Power Commission,
but the only important matter is that the "taker" take gas so that it
may be produced.  This case involves nothing to our knowledge

which has anything to do with the price paid by the purchaser for gas, nor how much gas he buys. The only matter here involved is whether the taker must take ratably from all wells to which he is connected and thus preserve the rights of the land owners.* We again refer to the statement of Professor Summers of the University of Illinois School of Law set out in the original opinion to show that ratable production cannot be accomplished unless the taker will take gas ratably.

Northern has in this case cast some reflection upon the increase of allowables in 1958 by the Kansas Commission. The record contains no facts concerning this action of the Commission. But we must assume that the Commission believed that the market was sufficient to warrant the increase. Moreover, if we are justified in taking judicial notice of facts, we must also assume that the Kansas allowables were not greater than the Oklahoma allowables. And we notice that it was generally thought to be a fact that drainage of gas was occurring from the Kansas Hugoton field to that part of the field in Oklahoma.

Thus, in 1958, the Commission may have been, in a roundabout way, endeavoring to set up ratable taking as between Kansas wells and Oklahoma wells by increasing the allowables of the Kansas wells.

Of course, none of this is involved in the record of the case before us. However, we may direct attention to the news story on page 54, in *Newsweek* for July 10, 1961, entitled *Natural Gas: Two Straws*. It is there noted that the Hugoton field covers some 4.1 million acres in Kansas, Oklahoma and Texas; that most of the estimated 300 trillion cubic feet of gas in the field lies under Kansas soil, but that Oklahoma supplies the major share of the 2 million cubic feet pumped daily northward through the pipe lines.

The motion for rehearing is denied.

SCHROEDER, J., is of the opinion the judgment of the trial court should be reversed, and therefore dissents.

* Reference might again be made to that part of G. S. 1959 Supp. 55-703 which is quoted in the original opinion, and to the discussion in the late case of *Renner v. Monsanto Chemical Co.*, 187 Kan. 158, p. 170, 354 P. 2d 326, relating to the proration and ratable taking as to oil.